BENNETT-WALTMAN & CO. *v.* SMITH.

1. CONTRACTS—ORAL CONTRACT—RECOVERY FOR EARTH FURNISHED FOR FILLING PURPOSES ALLOWABLE WHERE AMOUNT NOT LIMITED ALTHOUGH MORE THAN ESTIMATED.

> In an action on an oral contract for the filling of a lot with earth at a certain price per load, where no limit was placed upon the number of loads to be furnished, plaintiff was entitled to recover for the number required and furnished, although defendant's agent thought a less number would be required.

2. SET-OFF AND COUNTERCLAIM — COST OF REMOVING UNSUITABLE DIRT PROPERLY ALLOWED AS OFFSET.

> Where the earth furnished in filling a lot was suitable for that purpose, but the top dirt furnished was unsuitable, plaintiff was entitled to recover for the filling dirt at the agreed price but not for the top dirt, and defendant was entitled to a set-off for the cost of removing same, including damage to trees, but was not entitled to recover for costs incurred in grading and placing top dirt on the lawn and seeding it.

Error to Oakland; Gillespie (Glenn C.), J.   Submitted January 6, 1928.   (Docket No. 100.)   Decided February 14, 1928.

Assumpsit by Bennett-Waltman & Company against Alfred R. Smith for earth furnished in filling a lot. Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Bishop & Weaver,* for appellant.

*J. W. Bennett,* for appellee.

WIEST, J.   An agent of defendant employed plain-

¹Contracts, 13 C. J. § 256; ²Id., 13 C. J. § 787.
241—Mich.—43.

tiff company to fill a lot with earth, and this suit was brought to recover for the work performed. Under plea of the general issue defendant gave notice of set-off. The issues were tried before the court without a jury and judgment rendered in favor of plaintiff for an amount considerably less than its demand. Defendant reviews by writ of error.

The main question in issue in the circuit was whether the agreement limited the filling to 70 loads of earth. The court found no such limitation and permitted plaintiff to recover. The court made findings of fact from which we quote the following:

"The plaintiff company in pursuance of an oral contract with the defendant furnished 199 loads of filling dirt, and some 58 loads of top dirt, for the grading of defendant's premises in the township of Bloomfield. The agreed price to be paid for the filling dirt was $3 and for the top dirt $3.25 per load, each load consisting of approximately one and one-half yards. * * *

"The court finds that so far as the filling dirt was concerned, that it was proper for the purpose for which it was furnished. * * * The dirt which was furnished for top dirt was not suitable for the purpose for which it was furnished. It is full of stones and not of such a character as would support a growth of grass.

"The conclusion that the court reaches under the circumstances is that the plaintiff is entitled to recover for 199 loads of filling dirt at an agreed price of $3 per load, making a total of $597, and $65 which was furnished for labor, making a total of $662 on which $35 interest is allowed, making a total credit of $697.

"It is apparent from the testimony in the case that the plaintiff is not entitled to recover for the top dirt, the defendant would be entitled to the cost of removing that dirt plus the damage to the trees. I think under the circumstances $100 will compensate him for the cost of removing that dirt and for damage to the trees. It is quite apparent from his claim of set-off that a greater portion of the charges which he makes

are for costs which were incurred in grading and placing top dirt on his lawn and seeding it. I do not believe under his contract with the plaintiff that he would be entitled to set this off against the cost of the filling dirt. Under my conclusion of the case, the plaintiff would be entitled to a judgment of $597 against the defendant."

The evidence supports the findings.

Defendant's agent thought 70 loads of earth would perform the filling, but the contract was not for 70 loads and no more, but for the filling. The price per load was agreed upon, but no limit placed on the number of loads. We think defendant's claim of set-off sufficiently recognized and cared for in the judgment rendered.

The judgment is affirmed, with costs to plaintiff.

NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.